**CRE RESTAURANT COMPANY,
INC., Relator,**

v.

**STATE of Minnesota, DEPARTMENT
OF ECONOMIC SECURITY,
Respondent.**

No. C4–84–401.

Court of Appeals of Minnesota.

Aug. 21, 1984.

Stephen B. Solomon, Jon S. Swierzewski, Minneapolis, for relator.

Hubert H. Humphrey, III, State Atty. Gen., Peter C. Andrews, Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered, and decided by PARKER, P.J., and FOLEY, and HUSPENI, JJ.

### OPINION

FOLEY, Judge.

Relator appeals from the trial court's affirmance of the Department of Economic Security's determination that relator assumed the experience rating of its predecessor. We affirm.

## FACTS

Relator, CRE Restaurant Company (CRE), is a corporation wholly owned by Clarence R. Enright. In 1978, Enright sold property consisting of land, a building, and equipment to a partnership. The partnership gave Enright a mortgage and security interest to secure payment. The partnership then leased the property to the Scott County Restaurant Corporation.

By May 1982, the partnership defaulted upon payments. To protect his position as creditor, Enright foreclosed the mortgage and took possession of the property. Enright then transferred possession to CRE. CRE hired the management and employees of Scott County Restaurant Corporation and continued operations without interruption. CRE made no changes in the restaurant's policies. CRE later purchased the property by bidding at a public foreclosure sale.

## ISSUE

Does a successor employer who acquires the assets of its predecessor by foreclosure and who voluntarily continues the business assume the experience rating of the predecessor?

## ANALYSIS

The standard of review in unemployment compensation cases is limited and requires that findings of fact be viewed in the light most favorable to the decision. If there is evidence reasonably tending to sustain the findings, they will not be disturbed. *White v. Metropolitan Medical Center*, 332 N.W.2d 25, 26 (Minn.1983); *Smith v. American Indian Chemical Dependency Diversion Project*, 343 N.W.2d 43, 44 (Minn.Ct.App.1984).

The Minnesota successorship statute, Minn.Stat. § 268.06, subd. 22(a) (1982), provides that:

　When an employing unit succeeds to or acquires the organization, trade or business or substantially all the assets of another employing unit which at the time of the acquisition was an employer subject to this law, and continues such organization, trade or business, the experience rating record of the predecessor employer shall be transferred as of the date of acquisition to the successor employer for the purpose of rate determination.

A successor employer is defined as one who acquires substantially all the assets of a particular business operation and continues the same business operation. Management, employees, and clientele are elements considered in determining whether the successor has continued the business. *Easy Street West v. Commissioner of Economic Security*, 345 N.W.2d 250, 255 (Minn.Ct.App.1984).

CRE fits the definition of a successor employer because it acquired the assets of its predecessor and continued to operate the restaurant without interruption, using the employees and management of the previous lessee, Scott County Restaurant Corporation. CRE contends, however, that it acquired the assets involuntarily to protect its position as creditor and should not be held to the predecessor's experience rating. In effect, CRE asks this court to read a voluntary acquisition requirement into the language of the statute. We decline to interpret the statute in that manner.

The statute does not require voluntary acquisition. Furthermore, CRE's behavior is not involuntary, as relator contends. Enright, as sole owner of CRE, voluntarily decided to hold the assets until a more profitable sale could be made and he later purchased the assets himself at a foreclosure sale.

The logic of the statute is "that an employer's contribution is measured by his experience and, when his experience is likely to be that of his predecessor, his contributions should be that of his predecessor." *Easy Street West*, 345 N.W.2d at 253. Here it is clear that CRE acquired the predecessor's business and continued its operation without change. Transfer of a predecessor's rating is fair and logical only where the essential character of the predecessor's particular operation, not just the

type or line of business, is continued by the successor. *Id.* at 256. Since CRE made no changes in the operation of the restaurant, it assumes the predecessor's rating.

## DECISION

Transfer of the predecessor's experience rating is affirmed.